UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAFEGUARD LABS, LLC<br><br>Plaintiff<br><br>v.<br><br>MIKE'S NOVELTIES, INC. D/B/A MWI WHOLESALE SMOKE SHOP SUPPLIES, D/B/A MWI WHOLESALE<br><br>Defendant | Case No.   4:25-cv-4817<br><br>**JURY TRIAL DEMANDED** |

**SAFEGUARD LABS'S ORIGINAL COMPLAINT
FOR TRADEMARK AND TRADE DRESS INFRINGEMENT
AND FOR SALE OF COUNTERFEIT GOODS**

Plaintiff Safeguard Labs, LLC ("Plaintiff" or "Safeguard"), by and through its undersigned attorneys, brings this civil action against Defendant Mike's Novelties, Inc. d/b/a MWI Wholesale Smoke Shop Supplies and d/b/a MWI Wholesale ("Defendant" or "MWI"). Plaintiff would respectfully show the Court as follows:

### I.   NATURE OF THE ACTION

1.   This is an action for trademark infringement and for the sale of counterfeit goods under Section 32 of the Lanham Act (15 U.S.C. § 1114), for trade dress infringement and false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and for unjust enrichment under Texas

law against persons who buy, distribute, advertise, and sell infringing and counterfeit products using identical or nearly identical copies of Safeguard's registered UPASS® trademarks and UPASS Trade Dress packaging, as well as Safeguard's common law trademarks for "Safeguard Laboratories," without Safeguard's authorization (hereafter, "Infringing Products" or "Counterfeit Goods").

2. Safeguard manufactures and distributes authentic UPASS Products (as defined herein) and owns the registered and common-law trademarks and common-law trade dress (the "UPASS Trademarks" and "UPASS Trade Dress," respectively) as well as the "Safeguard LABORATORIES" word mark and logo (collectively, the "Marks") that appear on all authentic UPASS Products authorized for sale in the United States.

3. Defendant is buying, advertising, promoting, and selling Counterfeit Goods using Safeguard's UPASS Trademarks, UPASS Trade Dress, and the "Safeguard Laboratories" mark and logo without authorization on products that Safeguard does not manufacture or distribute.

4. Safeguard cannot verify the ingredients or chemical makeup of the Counterfeit Goods, nor can it verify the conditions under which these goods were manufactured, stored, and sold; as a result, Safeguard has effectively lost the power to control the quality and safety of counterfeit products sold under the Marks, causing immediate, substantial, and irreparable harm to its

reputation.

5. As a result of Defendant's infringing activities, the ability to control the quality of products sold under its Marks, including those sold under the UPASS® brand, has been seriously compromised.

## II. JURISDICTION AND VENUE

6. Safeguard brings this lawsuit for (1) counterfeiting and trademark infringement, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114); (2) trademark and trade dress infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (3) unjust enrichment under Texas law. Safeguard seeks all available remedies, including those available pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a).

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over Safeguard's state-law claim for unjust enrichment pursuant to 28 U.S.C. § 1367(a), as it arises from the same nucleus of operative facts as the federal claims.

8. Defendant is subject to personal jurisdiction in this judicial district because it resides in this district and has advertised and sold Counterfeit Goods in Texas and in this judicial district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is engaged in infringing and counterfeiting activities within this judicial district by advertising, offering to sell, selling, and distributing Counterfeit Goods to consumers in Texas and in this judicial district.

### III.   THE PARTIES

A.   **Plaintiff Safeguard Labs, LLC**

10. Safeguard Labs, LLC ("Safeguard") is a Nevada limited liability company with an address at 2761 N. Lamb Blvd., Las Vegas, NV 89115.

11. Safeguard owns and exclusively distributes UPASS-branded products throughout the United States, selling primarily to wholesalers, who then re-sell the products to retailers.

12. Safeguard is the owner of all right, title, and interest in and to certain federally registered and common law marks and trade dress, including:

   a.   the federally registered UPASS® word mark (Registration Nos. 7,251,516 and 7,033,644) (collectively, the "UPASS Trademarks");

   b.   associated UPASS Trade Dress (common law); and

   c.   the "Safeguard LABORATORIES" word mark and logo (common law).

13. Safeguard also owns the goodwill associated with all such marks

and trade dress (collectively, the "Marks"), which are used continuously in commerce in connection with the sale of simulated urine kits and related products (sometimes referred to as the "Goods").

**B.    Defendant Mike's Novelties, Inc. d/b/a MWI Wholesale Smoke Shop Supplies and d/b/a MWI Wholesale**

14.    Defendant Mike's Novelties, Inc. d/b/a MWI Wholesale Smoke Shop Supplies and d/b/a MWI Wholesale ("MWI") is a Texas corporation with a place of business at 10515 Harwin Road, #136, Houston, TX 77036. Defendant is involved in the willful purchase, distribution, and sale of Counterfeit Goods in the State of Texas, including in this judicial district. Defendant may be served by serving its registered agent, Manisch Chandler Sohani, at the address provided to the Texas Secretary of State, 10515 Harwin Road, #136, Houston, TX 77036, or wherever he may be found.

## IV.    FACTUAL BACKGROUND

**A.    Safeguard sells authentic UPASS-branded products.**

15.    Safeguard manufactures, packages, markets, promotes, advertises, and sells synthetic urine—under the brand name of UPASS— for various uses, including for novelty purposes. Safeguard's goal is to create simulated urine products that mimic real human urine in both composition and appearance.

16. Safeguard's mission is to create confidence in its product by making it easy to use, without having to handle real urine. Each UPASS kit is manufactured and packaged in such a way as to provide an accurate and consistent solution.

17. To maintain its reputation for quality and to protect the corporate goodwill it has built up over many years, Safeguard carefully monitors the manufacturing and packaging process. The UPASS formula includes urea, creatinine, pH-balanced levels, and other key compounds that replicate the chemical properties of human urine. If counterfeit versions of UPASS products are sold without Safeguard's knowledge or oversight, the inability to ensure authenticity and quality could lead to serious brand damage and other harms that cannot be remedied by money alone.

18. Safeguard's UPASS® Trademarks, including Registration Nos. 7,251,516 (attached hereto as Ex. A and incorporated by reference) and 7,033,644 (attached hereto as Ex. B and incorporated by reference), are registered on the U.S. Principal Register. Safeguard also has common-law rights in the "Safeguard LABORATORIES" word mark and logo. Safeguard uses these Marks, along with unique and distinctive UPASS packaging, to identify its genuine simulated urine products. For example:



19. The product box includes a 3-oz. bottle with temperature strip and hand warmers:



20. As shown, Safeguard uses distinctive, non-functional trade dress features for its UPASS packaging. The Trade Dress of the UPASS box includes a color scheme of red, white, blue, and black. The packaging includes, for example, the stylized UPASS word mark and logo, which uses all capital

letters, with a larger black "U" adjacent a smaller red "PASS" surrounded by red lines on three sides, all of which are placed at a slight angle (sloping upwards as it goes from left to right) against the background of a white legal pad, with a vertical red line forming a margin on the left-hand side of the "legal pad" and horizontal blue lines forming the lines of the "legal pad" background. Approximately the bottom third of the box includes a blue background "covering" the legal pad (the right-hand portion of which slopes concavely upward), against which white letters describe attributes of the simulated urine. The box includes additional red accents, including a red triangle in the top left-hand corner (where the 3 oz. volume size of the bottle is advertised) and a red bar across the bottom (where the intended uses of the simulated urine are listed). The top right-hand corner includes the stylized "Safeguard LABORATORIES" word mark and logo, in which "Safeguard" appears in black letters, except that the capital "S" appears in white against a green background in the shape of a 3-sided cross or "+" sign. The word "Safeguard" is shown in larger font, while "LABORATORIES" appears below that, in a much smaller font. Collectively, the aforementioned constitutes "Safeguard's UPASS Trade Dress."

21. The Marks have been used continuously and exclusively by Safeguard on and in connection with its UPASS products, since at least as early as 2014—long before the first registration issued on April 25, 2023—in

commerce throughout the United States. Safeguard sells these authentic products under certain quality controls, including assigned lot numbers, expiration dates, and verifiable manufacturing conditions.

22. Safeguard distributes its products primarily to wholesalers, who then sell to retailers throughout the United States. In turn, retailers offer the authentic UPASS goods to consumers.

**B.    Defendant sells Counterfeit Goods.**

23. Defendant, without permission, authorization, or license, uses the Marks and Trade Dress packaging that is identical or nearly identical to Safeguard's UPASS product.

24. The Counterfeit Goods infringe Safeguard's federally registered "UPASS" word mark, as well as its common law Trade Dress in the distinctive packaging and the common law word mark and logo associated with "Safeguard LABORATORIES":





25.  Defendant's Counterfeit Goods are falsely and unlawfully branded using the Marks without Safeguard's authorization.

26.  Defendant's Counterfeit Goods do not originate with Safeguard, are not made under Safeguard's supervision, and are not authorized to carry Safeguard's Marks. Consequently, Defendant's infringing acts deprive Safeguard of its right to control the quality, reliability, and safety of goods offered under its brand.

27.  In contrast to Safeguard's authentic UPASS products, Defendant's

Counterfeit Goods are not subject to any known quality control standards, lot number tracking, or verifiable manufacturing or storage conditions. Safeguard cannot test or verify whether these Counterfeit Goods use the correct chemical composition, list a valid expiration date, or are safe for their intended purposes.

### C. Defendant's sale of Counterfeit Goods causes substantial and irreparable harm to Safeguard.

28.  By advertising and selling Counterfeit Goods bearing Safeguard's Marks, Defendant trades upon and unlawfully benefits from Safeguard's goodwill and brand recognition associated with UPASS and Safeguard Laboratories brands.

29.  Defendant intends to cause consumers and potential customers to believe these Counterfeit Goods are genuine and associated with Safeguard when, in fact, they are not. If a consumer receives a substandard or defective counterfeit product, Safeguard's reputation for quality and reliability is irreparably damaged.

30.  Consumers deceived by these Counterfeit Goods are likely to think less favorably of Safeguard, harming Safeguard's brand value, reputation, and goodwill. As a direct and proximate result, Safeguard has suffered and will continue to suffer actual damages (lost sales, revenues, and profits) and irreparable harm to its brand, for which there is no adequate remedy at law.

31.  Unless enjoined by this Court, Defendant will continue to infringe

upon Safeguard's valuable Marks and to sell Counterfeit Goods, causing ongoing and irreparable harm.

## V. CLAIMS AGAINST DEFENDANT

### COUNT 1 - FEDERAL TRADEMARK INFRINGEMENT AND SALE OF COUNTERFEIT GOODS (15 U.S.C. § 1114)

32. Safeguard realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

33. In violation of 15 U.S.C. § 1114, Defendant uses in commerce, without Safeguard's consent, a reproduction, counterfeit, copy, or colorable imitation of one or more of the registered UPASS® Trademarks, on and in connection with the sale, offering for sale, distribution, or advertising of the Counterfeit Goods, is likely to cause confusion, mistake, or deception among consumers.

34. Defendant's continued actions constitute willful infringement of Safeguard's exclusive rights in and to the UPASS® Trademarks, which are registered on the U.S. Principal Register and which Safeguard owns and has the exclusive right to use and enforce in the United States.

35. As a direct and proximate result of Defendant's willful misconduct, Safeguard has suffered economic damages and irreparable harm to the value and goodwill associated with the UPASS product line and the UPASS® Trademarks, as well as irreparable harm to Safeguard's reputation.

36. Unless Defendant is restrained and enjoined from advertising, promoting, buying, selling, and distributing the Counterfeit Goods, or otherwise infringing the UPASS Trademarks, Safeguard will continue to be irreparably harmed.

37. As a direct and proximate result of Defendant's willful misconduct, Defendant has earned illicit profits in amounts not yet known but to be determined at trial.

38. Safeguard has no remedy at law that could compensate it for the continued, irreparable harm caused by Defendant's purchase, sale, and other distribution of the Counterfeit Goods. Accordingly, Safeguard seeks, and is entitled to, preliminary and permanent injunctive relief, as well as orders for the seizure and/or destruction of the Counterfeit Goods.

39. Safeguard is also entitled to all remedies available under 15 U.S.C. §§ 1114, 1116, and 1117, including lost profits, treble damages, statutory damages and penalties, disgorgement damages, enhanced damages, and/or reasonable attorneys' fees, in amounts to be determined at trial, as this is an exceptional case per 15 U.S.C. § 1117(a).

## COUNT 2 - FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

40. Safeguard realleges and incorporates by reference each of the above paragraphs 1-31 as though fully set forth herein.

41. In violation of 15 U.S.C. § 1125(a), Defendant, in connection with its purchase, sale, offers for sale, and other distribution of the Counterfeit Goods, has used and continues to use in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was and is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Safeguard, or to deceive consumers as to approval by Safeguard.

42. Defendant willfully sold Counterfeit Goods bearing unauthorized versions of the Marks and falsely designated the Counterfeit Goods as being authentic Safeguard products when, in fact, they are not.

43. Defendant's unauthorized acts have been undertaken to compete unfairly with Safeguard; to trade on Safeguard's reputation and goodwill by causing consumer confusion and mistake; and to deceive the public into believing the Counterfeit Goods are associated with, sponsored by, or approved by Safeguard, when they are not.

44. As a direct and proximate result of Defendant's willful misconduct, Safeguard has suffered, and continues to suffer, economic damages and irreparable harm to the value and goodwill associated with its Marks, as well as harm to its reputation and brand value.

45. Unless Defendant is restrained and enjoined, Safeguard will

continue to be economically damaged and irreparably harmed.

46. Defendant has earned illicit profits in amounts not yet known but to be determined at trial. Safeguard is entitled to damages, treble damages, and/or reasonable attorneys' fees, in amounts not yet known but to be determined at trial, and Safeguard is entitled to recover its damages, including treble damages, and reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a), because this is an exceptional case.

### COUNT 3 – UNJUST ENRICHMENT

47. Safeguard realleges and incorporates by reference each of the above paragraphs 1-31 as though fully set forth herein.

48. By knowingly selling Counterfeit Goods bearing Safeguard's Marks, Defendant has profited from the unauthorized use of Safeguard's intellectual property, thereby enriching itself at Safeguard's expense.

49. Under Texas common law, it would be unjust for Defendant to retain these illicit benefits without compensating Safeguard.

50. Safeguard therefore seeks restitution, disgorgement of Defendant's unjust profits, and any other equitable relief the Court deems appropriate.

### VI.   NOTICE OF REQUIREMENT OF LITIGATION HOLD

51. Defendant is hereby notified that they are legally obligated to

locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant knows, or reasonably should know, may be relevant to the Counterfeit Goods or to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter, "Potential Evidence"). As used above, the phrase "electronically stored information" includes, without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), text messages, instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices,

Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored. These sources may also include any personal electronic, digital, and storage devices of Defendant's agents, resellers, or employees, if Defendant's electronically stored information resides there.

52.  Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence, including the destruction or concealment of Counterfeit Goods without the Court's express permission, may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses. To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify their agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## VII.  **PRAYER FOR RELIEF**

Plaintiff Safeguard Labs, LLC requests that this Court enter judgment in its favor and grant relief as follows:

1. judgment that Defendant has committed trademark and trade dress infringement, including infringement of the following:
   a. federally registered UPASS trademarks (Registration Nos. 7,251,516 and 7,033,644);
   b. Safeguard LABORATORIES word mark and associate logo (common law);
   c. UPASS box design and packaging (common law Trade Dress);
2. judgment that Defendant has willfully sold and distributed counterfeit goods;
3. judgment that Defendant is liable for false designation of origin, false descriptions, and unfair competition;
4. judgment that Defendant is liable for unjust enrichment under Texas law.
5. an accounting;
6. all actual, treble, and exemplary damages suffered by or owing to Safeguard Labs, including lost sales and profits, and any other damages permitted under the Lanham Act or Texas law;
7. disgorgement of all Defendant's profits related to the infringement or the Counterfeit Goods;
8. in the alternative, statutory damages of up to $2 million per counterfeit mark, per type of goods, for willful counterfeiting under

15 U.S.C. § 1117(c), or such additional amounts as the Court deems just; or up to $4 million if multiple infringed marks and multiple types of goods are established;

9. an order allowing for the seizure of all counterfeit goods and/or an order that the infringing and Counterfeit Goods be surrendered for destruction;

10. preliminary and permanent injunctive relief, enjoining Defendant from further infringement and counterfeiting;

11. judgment that this is an exceptional case and an award of reasonable and necessary attorney's fees as provided by law, pursuant to 15 U.S.C. § 1117(a) or on any other statutory or equitable basis;

12. costs, including taxable costs;

13. pre- and post-judgment interest at the highest allowable rates;

14. all other relief the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: October 9, 2025 | Respectfully Submitted,<br><br>*/s/ Richard L. Schwartz*<br>Richard L. Schwartz<br>*Attorney in Charge*<br>State Bar No. 17869500<br>USDC SDTX Bar Number: 20448<br>Email: RSchwartz@whitakerchalk.com<br><br>David A. Skeels<br>State Bar No. 24041925<br>USDC SDTX Bar Number: 558415<br>Email: DSkeels@whitakerchalk.com<br><br>Decker A. Cammack<br>State Bar No. 24036311<br>USDC SDTX Bar Number: 562211<br>Email: Dcammack@whitakerchalk.com<br><br>Jorge Miguel Hernandez<br>State Bar No. 24116512<br>USDC SDTX Bar Number: 3880937<br>Email: MHernandez@whitakerchalk.com<br><br>**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**<br>301 Commerce St., Suite 3500<br>Fort Worth, Texas  76102<br>817.878.0500 Telephone<br>817.878.0501 Facsimile<br><br>**ATTORNEYS FOR PLAINTIFF SAFEGUARD LABS, LLC** |